UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                         )<br>                           Plaintiff,      )<br> vs.                                                  )<br>                                                         )<br>RICHARD LOVELIEN, TODD ENGEL, )<br>GREGORY BURLESON, ERIC PARKER, )<br>O. SCOTT DREXLER, and STEVEN  )<br>STEWART,                                       )<br>                                                         )<br>                           Defendants. )<br>                                                         ) | Case No.: 2:16-cr-00046-GMN-PAL<br><br>**ORDER** |

This matter comes before the Court *sua sponte* on jury-anonymity issues related to the trial set to begin on February 6, 2017. As of the date of this Order, Defendants Richard Lovelien, Todd Engel, Gregory Burleson, Eric Parker, O. Scott Drexler, and Steven Stewart (collectively "Defendants") will go to trial with voir dire starting on February 6, 2017.

**I.   DISCUSSION**

The empaneling of an anonymous jury "is warranted only where there is a strong reason to believe the jury needs protection or to safeguard the integrity of the justice system, so that the jury can perform its factfinding function." *United States v. Shryock*, 342 F.3d 948, 971 (9th Cir. 2003). The Court "may empanel an anonymous jury 'where (1) there is a strong reason for concluding that it is necessary to enable the jury to perform its factfinding function, **or** to ensure juror protection; and (2) reasonable safeguards are adopted by the trial court to minimize any risk of infringement upon the fundamental rights of the accused.'" *Id.* (quoting *United States v. DeLuca*, 137 F.3d 24, 31 (1st Cir. 1998)) (emphasis added). Among the factors that may warrant protecting juror information from public disclosure is "extensive

publicity that could enhance the possibility that jurors' names would become public and expose them to intimidation and harassment.'" *Shryock*, 342 F.3d at 971.

      The record in this case reflects that there has been extensive publicity and commentary in traditional and social media of the incident in Bunkerville, Nevada, on and about April 12, 2014, that gave rise to the charges on which Defendants will be tried beginning February 6, 2017, and of the proceedings in this matter.  Such publicity and commentary reflect strong opposing views concerning Defendants' alleged conduct and the reasons Defendants may assert for protesting governmental action as well as the methods they may have chosen for doing so. (*See, e.g.*, Order, ECF No. 1171).  The Court also notes there have been several occasions during the pendency of this case when (1) pro-Defendant demonstrators have congregated at the public entrance in front of the Courthouse where the trial will take place, often on days when court was in session on this matter and (2) telephone, email, and U.S. Mail messages have been received by the Court protesting Defendants' prosecution and at times threatening presiding judicial officers and those involved in the court process.[1]

      This Court finds if jurors' names and personally-identifiable information are publicly disclosed, there is an unacceptable, continuous, and significant risk that jurors will be contacted or otherwise exposed to external information and influences about the case notwithstanding the Court's ongoing efforts to restrict the jurors' case exposure only to admissible evidence, the parties' arguments to the jury, and the Court's controlling instructions of law.

      Accordingly, the Court concludes it is necessary to enter a Protective Order in this case requiring partial juror anonymity to protect jurors from the possibility of contact by any media or members of the public.  Based on *Shryock* the Court finds good cause to prohibit the public disclosure of the jurors' names and personally-identifiable information. *See Shryock*, 342 F.3d

---

[1] The Court does not have any information that suggests these communications have been directed by any Defendant or are otherwise attributable to any Defendant.

at 971.  The Court also concludes it is equally important to Defendants' fundamental rights to permit the parties, their counsel, and their paralegals and/or investigators to have access to the identities of the prospective jurors and the ultimate trial jurors subject to this Protective Order prohibiting disclosure of such information beyond the parties and their litigation teams (i.e., the parties, counsel, licensed investigators, and paralegals).[2]

The Court, therefore, enters this Protective Order absolutely prohibiting the parties and members of their litigation teams from disclosing the names and personally-identifying information of potential jurors and trial jurors outside of their litigation teams.  This Protective Order is in effect immediately and will remain in effect until further order of the Court.  Although individual jurors may choose after trial to comment on the case publicly and, therefore, to forfeit their anonymity, the parties, nevertheless, remain prohibited from publicly disclosing the identity of any juror until further order of the Court.  Any person who violates this Protective Order is subject to sanctions, including for contempt.

## II.     CONCLUSION

**IT IS HEREBY ORDERED** that parties and members of their litigation teams are prohibited from disclosing the names and personally-identifying information of potential jurors and trial jurors outside of their litigation teams.

**IT IS FURTHER ORDERED** that any person who violates this Order is subject to sanctions, including for contempt.

**DATED** this __1__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[2] The Court notes the defendant-specific factors from *Shryock* do not apply in this case and, therefore, do not form the basis of the need for juror anonymity.