RICHARD E. TANASI, ESQ.
Nevada Bar No. 9699
**TANASI LAW OFFICES**
601 S. Seventh St., 2nd Floor
Las Vegas, NV 89101
Telephone: (702) 906-2411
Facsimile: (866) 299-5274
Email: rtanasi@tanasilaw.com
*Attorney for Defendant*
**STEVEN STEWART**

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN STEWART, et al<br><br>Defendants. | Case No.: 2:16-cr-00046-GMN-PAL<br><br>**DEFENDANT'S MOTION TO DISMISS** |

Certification: This Motion is timely. *See*, FRCP.16.

COMES NOW Defendant, STEVEN STEWART, by and through his attorney of record, RICHARD E. TANASI, ESQ., ERIC PARKER, by and through his attorney of record, JESS R. MARCHESE, ESQ., O. SCOTT DREXLER, by and through his attorney of record, TODD LEVENTHAL, ESQ. and hereby submits this Motion to Dismiss. This motion is made and based on the enclosed Memorandum of Law, Points and Authorities, all pleadings and papers on file herein and any oral argument requested by the Court at the time of hearing.

///

///

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

On April 26, 2016, the Honorable Judge Jeen ordered the Government to produce all discovery by May 6, 2016. [Doc. 321, p. 13]. On November 11, 2016, the Honorable Judge Leen ordered all Fed. R. Cr. P 16(a) discovery and *Jenks/Giglio/Henthorn* materials to be produced no later than January 6, 2017. *See*, Exhibit A, Doc. 1017, p.7-8.

On February 1, 2017, the defendants discovered an investigative report "posted to the web," on January 30, 2017. The report was entitled "Investigative Report of Ethical Violations and Misconduct by Bureau of Land Management Officials" (hereinafter *"The Ethics Report"*). *See, The Ethics Report*, attached hereto as Ex. B. *The Ethics Report* states the BLM "initiated an investigation in October 2015..." Reportedly, "While the report doesn't name the agent, the supervisory position it describes was then held by Dan Love, BLM special agent-in-charge for Nevada and Utah." *See, Salt Lake Tribune Newspaper Article (February 1, 2017)*, attached hereto as Ex. C.

Agent Love is the lead agent in this case. Reportedly, the "Agent" involved in *The Ethics Report* "...had worked with the Supervisory Agent as a Federal air marshall..." *See, Exhibit B to CMECF Document 1465 (filed by Peter Santilli)*. Upon information and belief, "agent in charge" Agent Love was once a Federal Air Marshall. A copy of the relevant grand jury transcript regarding Agent Love is attached hereto under seal, as Ex. D.

Reportedly, the agent involved in *The Ethics Report* employed "efforts to influence subordinates in the Utah state office before and after the OIG investigators interviewed them as witnesses." *Id.* If *The Ethics Report* is true, influencing witnesses bears directly on his credibility and the credibility of every other witness he had contact with in his case.

The Due Process Clause of the Fifth Amendment requires the government to produce

exculpatory evidence to the defendant. *See, e.g., Kyles v. Whitley*, 514 U.S. 419, 432-34 (1995); *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). In *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), the Court held the government has a duty to examine personnel files upon a defendant's request for their production.

Here, reportedly, *The Ethics Report* followed an investigation that was initiated in October 2015. *See*, Exhibit B, p. 2 "Synopsis." The charged events in this case took place in 2014. The Honorable Judge Leen required these *Henthorn* documents to be produced by January 6, 2017. *The Ethics Report* has not been turned over to the defense. Instead, it was discovered online.

Generally, failure to comply with discovery obligations is grounds to "...prohibit that party from introducing the undisclosed evidence; or enter any other order that is just under the circumstances." *See*, Fed. R. Cr. P 16(d). Further, outrageous government misconduct can also result in a violation of due process when the government suppresses evidence at trial that is "material either to guilt or punishment." *Brady v. Maryland*, 373 U.S. 83, 86 (1963). Whether the government acted in good or bad faith is irrelevant to the analysis; *Brady* is concerned not with prosecutorial intent, but with the defendant's right to a fair trial. *Id*. at 87 ("The principle … is not punishment of society for misdeeds of a prosecutor but avoidance of an unfair trial to the accused."). Further, in *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court set forth the three essential components of a *Brady* prosecutorial misconduct claim: "The evidence must be favorable to the accused, either because it is exculpatory or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Id*. at 281-82. For prejudice to exist, the suppressed, favorable evidence must be "material." *Brady*, 373 U.S. at 87. Under the materiality standard set forth in *Brady*, the accused is entitled to a new trial "if there is a reasonable probability that, had the

evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles*, 514 U.S. at 433-34. *See also, United States v. Bagley*, 473 U.S. 667, 676 (1985)["Impeachment evidence, however, as well as exculpatory evidence, falls within the *Brady* rule."] The prosecution's obligation to turn over any *Brady* evidence in its possession exists regardless of whether the defendant requested the evidence. *United States v. Agurs*, 427 U.S. 97, 108 (1976). Indeed, the prosecutor in charge of trying the case "has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 438 (1995).

Here, it is reasonable to conclude that the government knew about the investigation as it relates to their main witness, Agent Love, who testified before the Grand Jury, on October 15, 2015. *See*, Ex. D. The BLM received its first Complaint in September 2015. *Id.* Agent Love testified before the Grand Jury, on October 14, 2015. Reviewing Agent Love's file on or before January 6, 2017 would likely have revealed *The Ethics Report*. If Agent Love or the government agents failed to disclose this information to the government, before January 6, 2017 there are real issues concerning credibility and it might be necessary to call Agent Love and/or government counsel as witnesses at an evidentiary hearing to establish whether Agent Love failed to disclose information to the government when asked.

As a result, the defendants request this Honorable Court enter an order dismissing this case. This case has a large volume of discovery. Trial is set for February 6, 2017, and the defense is discovering court-ordered information through the news. Mr. Stewart, Mr. Parker and Mr. Drexler maintain their speedy trial right, so a continuance is not requested and not appropriate under the circumstances. If Agent Love (or any agent in this case) is the agent in *The Ethics Report*, an order dismissing this case is the only appropriate remedy.

## II.

## CONCLUSION

Based upon the foregoing, Mr. Stewart, Mr. Parker, and Mr. Drexler request this Honorable Court issue an Order dismissing this case under *USCS Fed Rules Crim Proc R 16(d)*. Alternatively, should this Honorable Court not dismiss this case, the defendants request (1) the court admit and publish *The Ethics Report* to the jury accompanied by an instruction to the jury that the BLM withheld *The Ethics Report* from defense and/or (2) Agent Love (or the accurate agent in this case) be precluded from testifying.

DATED this 2nd day of February, 2017.

Respectfully Submitted,
TANASI LAW OFFICES


_/ / Richard Tanasi_

**RICHARD E. TANASI, ESQ.**
Nevada Bar No. 9699
**TANASI LAW OFFICES**
601 S. Seventh St., 2nd Floor
Las Vegas, NV 89101
Telephone: (702) 906-2411
Facsimile: (866) 299-5274
Email: rtanasi@tanasilaw.com
*Attorney for Defendant*
**STEVEN STEWART**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of February, 2017, the undersigned served the foregoing DEFENDANT STEWART'S MOTION TO DISMISS on all counsel herein by causing a true copy thereof to be filed with the Clerk of Court using the CM/ECF system, which was served via electronic transmission by the Clerk of Court pursuant to local order.

/ / Richard Tanasi

**RICHARD E. TANASI, ESQ.**

TANASI LAW OFFICES
601 S. Seventh St., 2nd Floor
Las Vegas, Nevada 89101
702-906-2411 • Fax 866-299-5274