# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> RICHARD LOVELIEN, TODD ENGEL, ) <br> GREGORY BURLESON, ERIC PARKER, ) <br> O. SCOTT DREXLER, and STEVEN ) <br> STEWART, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:16-cr-00046-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion in Limine ("MIL"), (ECF No. 1390), filed by the Government to preclude reference or evidence regarding certain statements and subject matter. Defendants O. Scott Drexler ("Drexler"), Eric J. Parker, and Steven A. Stewart (collectively "Defendants") filed a joint Response, (ECF No. 1406).  Motions for Joinder were filed by Defendants Richard Lovelien, (ECF No. 1408), and Gregory Burleson, (ECF No. 1447).  For the reasons discussed below, the Court GRANTS in part and DENIES in part the Government's Motion.

I. **LEGAL STANDARD**

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a).  In order to satisfy the burden of proof for Federal Rule of Evidence 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987) ("We have traditionally required that these matters [regarding admissibility

determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [Federal Rules of Evidence] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)).  In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner).

## II. **DISCUSSION**

The Government seeks to preclude the following categories of statements:

- References to the occupation of the Malheur National Wildlife Refuge, the subsequent trial, *United States v. Ammon Bundy et al.*, or the result in that trial.

- References to supposed mistreatment of cattle during the impoundment operation or agency, or officer, misconduct in this or other impoundment operations or investigations.

- Arguments or opinions that the federal government, its officers and agents or its agencies are improperly and excessively armed, use military tactics, act outside their authority or have engaged in the use of excessive force in other venues or at other times.

- Hearsay statements or opinions regarding the BLM, the impoundment operation, or the events of April 12, including opinions and statements of elected or appointed government officials (such as Nevada Governor Sandoval, U.S. Senators Orrin Hatch, Harry Reid, U.S. Congressman-Elect Ruben Kikuen, Nevada Assemblywoman Michelle Fiore).

- Legal arguments or opinions that the federal government does not, or should not, own public lands, that the federal government does not, or should not own the Gold Butte range, or that Gold Butte

> Range has now been designated a National Monument by the President of the United States.

- Legal arguments or opinions that law enforcement officers within the Department of Interior are not constitutional, that "natural law" or other authority permits the use of force against law enforcement officers in defense of property or individual rights, or that the U.S. District Court for the District of Nevada is illegitimate.

(MIL 3:7–4:7, ECF No. 1390). In their briefing, the parties condense these statements into four categories: (1) references to the Oregon case; (2) perceived government misconduct; (3) statements of third parties; and (4) legal argument.

### A.  Malheur and Oregon Case

The Government argues that any reference to the Oregon case is irrelevant and improper as "[n]ot one of the defendants in the first trial was charged in *United States v. Ammon Bundy* in the District of Oregon." (MIL 10:6–7). Further, "the Malehur case . . . deals with a completely separate course of conduct." (*Id.* 11:5–6).

It is unclear from Defendants' Response the extent of their opposition to this request. Defendants begin by noting that they "do not necessarily oppose the government's motion with regard to the *Malheur* prosecution." (Resp. 1:21–23, ECF No. 1406). However, Defendants go on to state that "Mr. Drexler objects to excluding evidence regarding the *Malheur* prosecution . . . and asks the court to allow the defendants to refer to the *Malheur* prosecution." (*Id.* 4:2–7). The only argument in support of this request is that "the court's ruling at this stage should only be preliminary in nature." (*Id.* 4:3).

The Court agrees that the Oregon case is not relevant at least to these Defendants, especially given that the activity related to the Malheur occupation began well after the events at issue in this case. In light of the absence of any real argument opposing the request, the Court GRANTS the Government's request to exclude evidence and testimony regarding the Oregon case.

### B. Perceived Government Misconduct

Next, the Government asks the Court to exclude any evidence regarding: a perception that the government was wrong for impounding Cliven Bundy's cattle; Defendants' personal belief that their actions in Bunkerville were justified; allegations that the Government killed some of Cliven Bundy's cattle; a belief that the Government's actions constitute overreach; opinions of lawmakers "that the federal law enforcement officers appear excessively equipped for law enforcement duties; that they appear militaristic and overbearing." (MIL 11:15–12:3). The Government argues that reference to or evidence on these subjects would constitute jury nullification. (*Id.* 12:4–10). In addition, the Government contends that "[b]ecause the defendants' motives for violating federal law are not relevant, any such evidence should be excluded." (*Id.* 12:10–11).

In response, Defendants first argue that the Government's failure to identify specific evidence it seeks to exclude precludes the Court from granting the request. (Resp. 4:20–25). Next, Defendants argue that "some evidence" regarding "perceived government misconduct" is relevant to refute specific elements of the charges against them, specifically Count 16, Count 12, and Count 5 of the Superseding Indictment.[1] (*Id.* 4:26). Count 16 and Count 12 require the Government to prove that Defendants "travel[ed] in interstate commerce with intent to carry on 'extortion,'" *United States v. Nardello*, 393 U.S. 286, 287 (1969), and acted "with the purpose of obstructing justice," *United States v. Laurins*, 857 F.2d 529, 536–37 (9th Cir. 1988).

The Court finds that at least some of the subject matter pertaining to "perceived government misconduct" is relevant to defending against these charges. In particular, such evidence and testimony supports a defense to Count 16 and Count 12 "that [Defendants] traveled to Bunkerville because they thought that the government was basically []stealing

---

[1] Specifically, these are: Count 16, Interstate Travel in Aid of Extortion pursuant to 18 U.S.C. § 1952; Count 12, Obstruction pursuant to 18 U.S.C. § 1503; and Count 5, Assault on a Federal Officer pursuant to 18 U.S.C. § 111(a)(1) and (b). (*See* Superseding Indictment, ECF No. 27).

people's personal property, killing cows, and limiting free speech by erecting a makeshift first amendment corral in the middle of the desert," not to commit a crime. (Resp. 6:10–12). Further, some of this evidence may be relevant to Defendants' excessive use of force defense to Count 5. *See United States v. Span*, 75 F.3d 1383, 1389 (9th Cir. 1996).  To preliminarily exclude all evidence of "perceived government misconduct" at this stage would improperly prevent Defendants from fully presenting these defenses to the jury.  Accordingly, the Court DENIES the Government's request to exclude all reference to "perceived government misconduct" *to the extent it is relevant to defenses raised by Defendants*.

To clarify, the instant Order is not a ruling that all subject matter related to "perceived government misconduct" is admissible.  Rather, the Court merely finds that a blanket exclusion of these topics is inappropriate at this juncture.  The parties must still demonstrate that all evidence and testimony is relevant to an element of a charged offense or a defense thereto pursuant to Federal Rule of Evidence 401.  Further, the Court cautions the parties that a lengthy discussion of relevant subjects could render otherwise relevant testimony or argument irrelevant.

### C. Statements by Third Parties

The Government also seeks to exclude: (1) opinions and hearsay statements of "public officials, or anyone else they think the jury might respect," under Rule 801(c); and (2) statements of individuals without personal knowledge of the matter under Rule 602. (MIL 12:13–17).  The Government points out that the opinion of a public person not involved in the events in question is irrelevant and likely to confuse the jury.  Defendants "assum[e] that the government is referring to statements by Senator Reid and Governor Sandoval," but because the Government "does not identify the speaker, the context, or the statement . . . Mr. Drexler is unable to substantively oppose the motion." (Resp. 19–25).  Defendants do not disagree that they may not introduce opinions and statements of third party public officials that are irrelevant

or otherwise inadmissible. The Court therefore GRANTS this aspect of the Government's Motion.

### D. Legal Argument

The Government argues that "defendants' claimed views on the validity of federal laws are immaterial to any admissible defense" and should therefore be precluded. (MIL 13:5–6). In particular, the Government asserts that "[e]vidence or argument advancing the defendants' claimed beliefs as a basis for a defense of good faith should therefore be excluded as improper jury nullification arguments." (*Id.* 14:9–11).

This aspect of the MIL is also largely unopposed by Defendants. Defendants promise to "follow the Federal Rules of Evidence and only seek to admit evidence that is relevant and admissible." (Resp. 8:4–5). Further, Defendants clarify that they "do not intend to argue . . . that the land in Bunkerville does not belong to the federal government or that the court lacks jurisdiction over them." (*Id.* 8:5–8). However, while Drexler states that he "does not anticipate introducing legal arguments as state of mind evidence[,] . . . it is foreseeable that Mr. Drexler's unique beliefs about the constitution may come into play as a witness testifies." (*Id.* 8:9–13).

At this time, the Court cannot find that evidence or testimony supporting Drexler's "unique beliefs" is relevant to a charge or defense. Indeed, a good faith belief that a law is unconstitutional is not a valid defense. *See, e.g.*, *Cheek v. United States*, 498 U.S. 192, 204 (1991) ("[A] Defendants' views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper."); *United States v. Greatwood*, 187 F.3d 649 n.4 (9th Cir. 1999) (noting with approval that "jury was . . . instructed that a good faith disagreement with the law is not a defense" and that "[defendant] was not permitted to argue that his legal theories are correct."); *United States v. Atkinson*, 232 F.3d 897 (9th Cir. 2000) (rejecting Defendants' argument that

"his subjective good faith belief that federal laws are not constitutional as applied to a him, a state citizen, defeats the jury's finding of 'willfulness'").

Accordingly, the Court GRANTS the Government's request to exclude argument, evidence, or testimony explaining, demonstrating, or supporting Defendants' beliefs regarding the constitution as irrelevant and as a possible jury nullification attempt. *United States v. Powell*, 955 F.2d 1206, 1213 (9th Cir. 1991) (affirming district court's decision not to instruct jury that: "If you feel strongly about the values involved in this case, so strongly that your conscience is aroused, then you may, as the conscience for the community, disregard the strict requirements of the law"). However, to the extent that these beliefs are interlaced with independently admissible evidence, such evidence will not be excluded simply because it references these opinions.

## III.  CONCLUSION

**IT IS HEREBY ORDERED** that the Government's Motion in Limine, (ECF No. 1390), is **GRANTED in part and DENIED in part** pursuant to the foregoing.

**IT IS HEREBY ORDERED** that the Motions for Joinder, (ECF Nos. 1408, 1447), filed by Defendants Richard Lovelien and Gregory Burleson are **GRANTED**.

**DATED** this __6__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge