# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-46-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| CLIVEN D. BUNDY *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion in Limine (ECF No. 1439) filed by Defendants Steven A. Stewart, Eric J. Parker, and O. Scott Drexler ("Defendants") to exclude evidence produced on January 25, 2017. Co-defendants Gregory P. Burleson and Ricky R. Lovelien filed Motions for Joinder. (ECF Nos. 1446, 1453). The Government timely filed a Response. (ECF No. 1515).[1]

## I.  LEGAL STANDARD

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

---

[1] On February 7, 2017, Defendants filed a Reply and sealed exhibit. (ECF Nos. 1546, 1547). Pursuant to the District of Nevada Local Rules: "Replies [to motions in limine] will be allowed only with leave of the court." (D. Nev. LR 16-3(a)). Defendants have not requested leave to file their Reply. As such, the Court will not consider Defendants' Reply.

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)).  In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner).  To exclude evidence on a motion in limine, the evidence must be "clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## II.  DISCUSSION

Defendants assert that "on November 11, 2016, the Honorable Judge Leen ordered all Fed. R. Cr. P 16(a) discovery and *Jenks/Giglio* materials be produced no later than January 6, 2017. *See*, Doc. 1017, p.7-8." (Mot. in Limine ("MIL") 2:4–7, ECF No. 1439).  Nonetheless, Defendants explain, "On January 25, 2017, afoul of these orders, the government produced 240 pages of discovery (GB20327 to GB20567) along with videos in folders marked 1B432 to 1B438, containing a total of 5.85 gigabytes of discovery." (*Id.* 2:7–11).  As such, Defendants seek to preclude the introduction at trial of all said evidence.[2]

In its Response, the Government states:

> On January 19, 2017, counsel for defendant Stewart sent an e-mail to government counsel requesting additional discovery, including a "1B" video file that was listed on the production index but that he had not received with this production. Government counsel responded the same day that this 1B – 1B432 – had been inadvertently excluded, would be provided within the week and that it was also publicly available to the defendant.

---

[2] Defendants specifically do not request a continuance, as they "maintain their speedy trial right." (*Id.* 2:20–22).

(Gov't Resp. 2:9–15, ECF No. 1515). The Government explains that it then produced the file on January 25, 2017. (*Id.* 2:15–17). The Government acknowledges that this file was not the only discovery produced on January 25, 2017, but it asserts that everything provided was either: "1) documents previously provided in discovery; 2) documents requested by the defendant; 3) documents obtained by the government after the January 6 disclosure deadline pursuant to the ongoing investigation; or 4) documents equally available to the defendant." (*Id.* 2:18–21). Therefore, the Government argues that Defendants' Motion is "belied by the record." (*Id.* 3:16–17).[3]

The Government's thorough Response details each item produced and why it was not in bad faith, mainly for the four reasons listed above. (*Id.* 4:17–8:11). The Government explains that only three of the fifty or so items produced were not previously provided to Defendants. One of these three items was "produced . . . out of an abundance of caution," but the Government does not intend to introduce it nor does it believe the item is useful to Defendants. (*Id.* 8:2–5). The second and third are email authentication letters that the Government produced under FRE 902. The Government argues that "providing the documents two weeks in advance of trial and three weeks before any evidence will be submitted constitutes 'reasonable notice' under [FRE 902(11)]." (*Id.* 8:11–14). Overall, the Government contends that its "January 25, 2017, production was provided in good faith, complies with its discovery obligations, and was responsive to defendants' own request for documents." (*Id.* 9:6–9).

Federal Rule of Criminal Procedure 16 allows the district court to "order [a violating party] to permit the discovery or inspection, grant a continuance, or prohibit the party from

---

[3] The Government also asserts that on February 2, 2017, four days before the start of trial, Defendants "provided the government for the first time with reciprocal discovery listed on their exhibit list." (*Id.* 3:12–14). Further, the Government states: "Certainly an order granting this motion would equally support precluding defendants from using their own untimely-produced documents at trial." (*Id.* 4:13–16). However, the Government does not counter-move to exclude Defendants' newly produced discovery.

introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances." Fed. R. Crim. P. 16(d)(2).  "Exclusion is an appropriate remedy for a discovery rule violation only where 'the *omission* was willful and motivated by a desire to obtain a tactical advantage.'" *United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002) (quoting *Taylor v. Illinois*, 484 U.S. 400, 415 (1988) (upholding trial court's exclusion of witness where defendant deliberately failed to identify witness prior to trial) (emphasis added)); *see also United States v. Peters*, 937 F.2d 1422, 1426 (9th Cir. 1991) (holding district court erred in excluding testimony of forensic pathologist because no willful or blatant discovery violation occurred).

      Here, the Government has sufficiently demonstrated that it was neither "willful" nor "motivated by a desire to obtain a tactical advantage" in its production of evidence on January 25, 2017. *See Finley*, 301 F.3d at 1018.  Certainly, an inadvertent exclusion of evidence that was timely disclosed and that is provided promptly upon notice cannot be considered bad faith. As to the productions under FRE 902,[4] the Court finds that two weeks before trial constitutes "reasonable notice." *See, e.g.*, *United States v. Daniels*, 723 F.3d 562, 581 (5th Cir. 2013) (invoking the "general proposition that five days' notice is sufficient under Rule 902(11)"). Additionally, the Government correctly notes that the parties maintain a continuing duty to promptly disclose newly discovered "additional evidence or material." Fed. R. Crim. P. 16(c). Accordingly, the Court finds that no exclusion of the evidence is required here, and Defendants' Motion is denied.

---

[4] FRE 902 provides a list of evidence that is self-authenticating. Fed. R. Evid. 902.  As to domestic records of a regularly conducted activity, FRE 902 states in pertinent part: "Before the trial or hearing, *the proponent must give an adverse party reasonable written notice of the intent to offer the record* — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them." Fed. R. Evid. 902(11) (emphasis added).

III. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine (ECF No. 1439) is **DENIED**.

 **IT IS FURTHER ORDERED** that Gregory P. Burleson and Ricky R. Lovelien's Motions for Joinder (ECF Nos. 1446, 1453) are **GRANTED**.

**DATED** this __8__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court