**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> RICKY R. LOVELIEN, ) <br> STEVEN A. STEWART, ERIC J. PARKER, ) <br> O. SCOTT DREXLER, ) <br> ) <br> Defendants. ) | Case No.: 2:16-cr-46-GMN-PAL <br><br> **ORDER** |

Pending before the Court is Defendant Ricky R. Lovelien's ("Lovelien's") Motion for Judgment of Acquittal Pursuant to Rule 29(c)(2). (ECF No. 1924). The Government filed a Response. (ECF No. 1976). Lovelien did not file a reply, and the time to do so has now passed.

Also pending before the Court is Defendants Steven A. Stewart ("Stewart"), Eric J. Parker ("Parker"), and O. Scott Drexler's ("Drexler's") Motion for Acquittal Pursuant to Rule 29(c)(2). (ECF No. 1935). The Government filed a Response. (ECF No. 1989). Stewart, Parker, and Drexler did not file a reply, and the time to do so has now passed.

**I.     BACKGROUND**

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging nineteen defendants with numerous counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (ECF No. 27). On February 6, 2017, the first trial began with six defendants, including Lovelien, Stewart, Parker, and Drexler (collectively, "Defendants"). At the close of the Government's case-in-chief, Defendants filed Motions for Acquittal Pursuant to Rule 29(a). (ECF Nos. 1794, 1798). On April 3, 2017, after hearing argument on Defendants'

motions, the Court denied the motions, finding sufficient evidence that a reasonable jury could find Defendants guilty on all charges. (*See* ECF No. 1804); (Jury Trial Day 23 Tr. 33:15–16, 34:1–40:12, ECF No. 1889). The jury began deliberations on April 13, 2017. (ECF No. 1858). On April 24, 2017, the jury rendered a partial verdict, finding co-defendant Gregory Burleson ("Burleson") guilty as to Counts 5, 6, 8, 9, 12, 14, 15, and 16, and co-defendant Todd Engel ("Engel") guilty as to Counts 12 and 16. (ECF No. 1887). However, the jury deadlocked on all counts as to Defendants, along with the remaining counts for Burleson and Engel. (*Id.*). Subsequently, the Court made a finding of manifest necessity and declared a mistrial on all deadlocked counts. (*Id.*). The Court set a retrial date of June 26, 2017. (*Id.*).[1] Defendants timely filed the instant Motions for Acquittal on all counts. (ECF Nos. 1924, 1935).

## II. LEGAL STANDARD

Under Federal Rule of Criminal Procedure ("FRCP" or "Rule") 29, if a jury fails to return a verdict, a defendant may make a motion within 14 days after the court discharges the jury asking the court to enter a judgment of acquittal. Fed. R. Crim. P. 29(c)(1)–(2). The Supreme Court has created a two-part inquiry for determining whether a jury verdict can withstand a defendant's challenge based on the sufficiency of the evidence. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). First, the evidence must be viewed in the light most favorable to the prosecution. *Id.*; *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010). Then, the district court must determine whether, in that light, the evidence "is adequate to allow 'any rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *Nevils*, 598 F.3d at 1164 (quoting *Jackson*, 443 U.S. at 319).

---

[1] Burleson and Engel's outstanding counts have since been dismissed on the Government's motion. (*See* ECF Nos. 1998, 2012). Only the four Defendants bringing the instant motions are set to proceed for retrial, which will now begin on July 10, 2017, pursuant to the parties' stipulation. (*See* ECF No. 2053).

## III. DISCUSSION

Defendants' Motions predominantly reassert the same arguments promulgated on the Rule 29(a) motions that the Government "failed to prove the elements of each crime charged in the [Superseding] Indictment." (Lovelien Rule 29(a) Mot. Acquittal 3:24–25, ECF No. 1798); (Lovelien Rule 29(c) Mot. Acquittal 3:23–24, ECF No. 1924); *compare also* (Stewart, Parker, Drexler Rule 29(a) Mot. Acquittal, ECF No. 1794) *with* (Stewart, Parker, Drexler Rule 29(c) Mot. Acquittal, ECF No. 1935) (varying only in legal standard, with both motions providing identical factual and legal argument that the evidence presented at trial was insufficient for any reasonable jury to convict Stewart, Parker, and Drexler). The standard for a judgment of acquittal is the same regardless of when the motion is made, be it at the end of the Government's case-in-chief or after the jury has been discharged. The court is to direct acquittal "if the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The Court has already thoroughly examined the evidence provided by the Government in ruling on the Rule 29(a) motions and found that a rational trier of fact could find Defendants guilty of the crimes charged. (Jury Trial Day 23 Tr. 33:15–16, 34:1–40:12). Defendants do not argue and the Court does not find any reasonable basis to determine that any evidence provided in Defendants' case-in-chief rebuts the sufficiency of any charged count.[2] Accordingly, the Court finds that, viewing the evidence in the light most favorable to the Government, a rational jury could find the essential elements of the crimes charged in the Superseding Indictment. *See Jackson*, 443 U.S. at 319.

---

[2] To the extent that Lovelien's motion also suggests that the jury's deadlock changes the Court's analysis regarding entering a judgment of acquittal, the Court disagrees. A deadlocked jury does not conclusively establish a finding of guilty or not guilty, and Rule 29(c) does not provide a different standard for the enumerated situation of a jury failing to return a verdict.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motions for Acquittal (ECF No. 1924, 1935) are **DENIED**.

**DATED** this __9__ day of June, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court