# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

CLIVEN D. BUNDY *et al.*,

        Defendants.

Case No.: 2:16-cr-46-GMN-PAL

**ORDER**

Pending before the Court is the Government's Motion for an Equal Number of Peremptory Challenges. (ECF No. 2011). Defendants Steven A. Stewart, Eric J. Parker, O. Scott Drexler, and Ricky R. Lovelien ("Defendants") filed a Response (ECF No. 2046), and the Government filed a Reply (ECF No. 2063).

Federal Rule of Criminal Procedure ("Rules") 24(b) outlines the number of peremptory challenges to which each side is entitled. In a non-capital felony case, the Government is entitled to six peremptory challenges and the defendants jointly have ten peremptory challenges. Fed. R. Crim. P. 24(b)(2). "The [C]ourt may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." Fed. R. Crim. P. 24(b).

The Ninth Circuit has held that "[t]here is no right to additional peremptory challenges in multi-defendant cases." *United States v. McClendon*, 782 F.2d 785, 787 (9th Cir. 1986), *overruled on other grounds, United States v. Garrett*, 179 F.3d 1143 (9th Cir. 1999). The award of additional peremptory challenges is not mandatory, but permissive, and rests in the trial court's sound discretion. *Id.*; *see also* Fed. R. Crim. P. 24(b); *United States v. Hueftle*, 687 F.2d 1305, 1309 (10th Cir. 1982) (holding that although three challenges for fifteen defendants

was "not very generous," it did not deprive defendants of a fair trial). "[T]he district court may not grant the government more than the minimum number of peremptory challenges without the consent of the defendants." *McClendon*, 782 F.2d at 788. Nevertheless, the court may "condition the grant of additional peremptory challenges to the defendants upon a stipulation for more peremptory challenges to the Government." *United States v. Vaccaro*, 816 F.2d 443, 457 (9th Cir. 1987), *abrogated on other grounds by Huddleston v. United States*, 485 U.S. 681, 685 n.2 (1988).

The Government requests that "to preserve fairness and equal access to the courts . . . in the event the Court grants the defendants additional peremptory challenges, that it do so contingent upon stipulation that the government receive an equal number of challenges." (Gov't Mot. Equal Peremptory Challenges 4:14–18, ECF No. 2011). The Government argues that they should receive an equal total number of peremptory challenges. Defendants oppose any additional peremptory challenges for the Government; however, they assert that "should the Court determine peremptory challenges are appropriate to offset pretrial publicity, [then] both sides should be granted the same amount of additional challenges" rather than an equal total number. (Defs. Resp. 3:11–15, ECF No. 2046). In their Reply, the Government further requests that "the system by which the defendants eliminate prospective jurors . . . be made explicit so it is clear who is making and adopting challenges and for what reason." (Gov't Reply 4:3–5, ECF No. 2063).

The Court finds it appropriate to condition the grant of additional peremptory challenges to Defendants upon stipulation for more peremptory challenges to the Government as an appropriate means of counteracting problems of pretrial publicity. Pursuant to the Rules, Defendants jointly have ten peremptory challenges, and the Government has six peremptory challenges. Fed. R. Crim. P. 24(b)(2). For good cause appearing, the Court will grant each side

four additional peremptory challenges.  Defendants shall have their ten joint challenges, and each defendant shall have one additional challenge to be used individually.

Accordingly, **IT IS HEREBY ORDERED** that Government's Motion for an Equal Number of Peremptory Challenges (ECF No. 2011) is **GRANTED in part, DENIED in part**. The Motion is granted to the extent that the Government shall receive four additional peremptory challenges and each defendant shall receive one additional peremptory challenge for a total of four additional defense peremptory challenges in the trial scheduled to begin on July 10, 2017.

**DATED** this ___7___ day of July, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court