**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CLIVEN D. BUNDY *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:16-cr-46-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion in Limine (ECF No. 2060) filed by Defendants Eric Parker, O. Scott Drexler, Steven Stewart, and Ricky Lovelien (collectively, "Defendants") to preclude evidence produced on May 25, 2017, and June 12, 2017[1]. Defendants also filed sealed exhibits to include the indexes of materials produced. (ECF Nos. 2074, 2075). The Government timely filed a Response. (ECF No. 2086).[2]

Defendants were first tried on February 6, 2017, which ended in a mistrial as to Defendants upon jury deadlock on April 24, 2017. (*See* ECF No. 1887). Defendants are set for retrial on July 10, 2017. (ECF No. 2053).

Defendants seek to limit the Government to prior discovery deadlines for the upcoming retrial. (*See* Def. Mot. 2:4–7, ECF No. 2060). However, they provide no legal authority or case law that precludes the Government from changing its strategy, make adjustments to the presentation of its case, or supplementing discovery upon a retrial. Defendants argue that this

---

[1] The Government contends that the June 12, 2017 discovery was actually made available to Defendants on June 9, 2017. (Gov't Resp. 2 n.1, ECF No. 2086). June 9, 2017, is more than 30 days prior to the trial beginning July 10, 2017.

[2] On July 3, 2017, Defendants filed a Reply. (ECF No. 2111). Pursuant to the District of Nevada Local Rules: "Replies [to motions in limine] will be allowed only with leave of the court." (D. Nev. LR 16-3(a)). Defendants have not requested leave to file their Reply. As such, the Court will not consider Defendants' Reply.

"large volume of discovery" makes it "near impossible for counsel to effectively review prior to trial" (*id.* 2:21 – 22); however, they do not seek additional time as the remedy, only exclusion of the materials. The Court finds that disclosure thirty days prior to trial is sufficient and reasonable given the seventy-day Speedy Trial Act requirement for retrial. *See* 18 U.S.C. § 3161(e).[3] Therefore, the Court holds that the Government's disclosure was not untimely. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine (ECF No. 2060) is **DENIED**.

DATED this __8__ day of July, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[3] To the extent that Defendants argue Magistrate Judge Peggy A. Leen's discovery deadlines imposed on November 22, 2016 (ECF No. 1017) should apply to the retrial, the Court finds that these discovery deadlines were specifically set for the first trial on February 6, 2017, and are not controlling for the retrial.