# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 2:16-cr-46-GMN-PAL |
| vs. | |
| CLIVEN D. BUNDY *et al.*, | **ORDER** |
| Defendants. | |

Pending before the Court is the Omnibus Motion in Limine ("MIL") (ECF No. 2041) filed by Defendants Eric Parker ("Parker"), O. Scott Drexler ("Drexler"), and Steven Stewart ("Stewart") (collectively, "Defendants"). The Government timely filed a Response. (ECF No. 2071).

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging nineteen defendants with sixteen counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (ECF No. 27). Defendants were first tried on February 6, 2017, which ended in a mistrial upon jury deadlock on April 24, 2017 (hereinafter referred to as "Trial 1"). (*See* ECF No. 1887). Retrial is currently set for July 10, 2017. (ECF No. 2053).

Upon review of Defendants' instant Omnibus MIL, the Court finds that it is predominantly identical to Defendant's Trial 1 Omnibus MIL (ECF No. 1332), with a few exceptions. Defendants have updated the facts section, omitted section (F) from the original MIL that sought to exclude references to "III%ers" and "militia", and added section (H) here regarding a Facebook post by Parker on September 16, 2014.

Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. *Arizona v. California*, 460 U.S. 605, 618 (1983). A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result. *Thomas*, 983 F.2d at 155. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion. *Id.* A mistrial is not cause for an exception to the law of the case doctrine. *United States v. Tham*, 960 F.2d 1391, 1397 n.3 (9th Cir. 1991) (rejecting the holding of *United States v. Akers*, 702 F.2d 1145, 1147–49 (D.C. Cir. 1983)); *see also United States v. Alexander*, 106 F.3d 874, 876–77 (9th Cir. 1997).

Here, regarding the issues previously raised in Defendant's Trial 1 Omnibus MIL, the Court resolved these issues in a MIL Order prior to Trial 1. (ECF No. 1543). Defendants present no new argument that merits reconsideration of the Court's previous order. Accordingly, the Court's prior rulings (ECF No. 1543) remain the law of the case. To the extent that Defendants' MIL seeks reconsideration of these rulings, the Court DENIES the MIL.

Next, regarding the only newly raised issue—Parker's Facebook post from September 16, 2014—this evidence was admitted during Trial 1 over Defendants' objection. (Trial 1 Day 18 Tr. 137:10–139:18, 142:7–147:21, ECF No. 1830). The statement in question was the following Facebook comment:

> Eric Ej Parker That's what I kept saying when people were calling be the Bundy sniper… my buddy Steven Stewart had to relay to me what what [sic] was going on through Binoculars not much good at that distance with open sights. .. now Steve he's

> got balls head up above that concrete telling me exactly what they were doing after the snipers had been green lighted..

(Ex. 1 to Defs. MIL, ECF No. 2042). Defendants argue, as they did during Trial 1, that the alleged statement is "hearsay and inadmissible under any exception." (Defs. MIL 15:23). Specifically, Defendants contend that the statement was not in furtherance of the conspiracy because it was made several months after the April 12, 2014 Bunkerville incident, and it did nothing to further the counts charged. (*Id.* 15:23–16:8).

The Court previously found the statement admissible as to Parker under FRE 801(d)(2)(A) (a party's own statements offered against them are not hearsay), and FRE 804(b)(3) (an unavailable declarant's statement against interest is an exception to the hearsay rule). (Trial 1 Day 18 Tr. 147:5–7). As to Stewart and Drexler, the Court previously found the statement admissible as a co-conspirator statement under FRE 801(d)(2)(E) which requires: "The statement is offered against an opposing party and was made by the party's coconspirator during and in furtherance of the conspiracy." *See also Bourjaily v. United States*, 483 U.S. 171, 181 (1987). First, the Court found that the conspiracy, as alleged in the Superseding Indictment, did not end on April 12, 2014, but rather, was on-going through the date of the Superseding Indictment, March 2, 2016: "[T]here's been sufficient evidence . . . that there was clearly an ongoing bragging and attempt to keep the movement going and continue to provide what they termed as security, and so the conspiracy does continue." (Trial 1 Day 18 Tr. 146:9–10, 147:10 – 15). As such, the September 16, 2014 statement was made during the alleged conspiracy. Next, the Court found that the statement was "in furtherance of the conspiracy in that it is relaying the courage . . . of the codefendant and how they were able to complete the -- one of the objectives of the conspiracy." (*Id.* 147:17–21). Therefore, the Court previously addressed this issue during trial, and Defendants do not raise any new arguments

meriting reconsideration. The Court's prior ruling remains in effect, and the Court DENIES Defendants' MIL to exclude this evidence.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' MIL (ECF No. 2041) is **DENIED.**

**DATED** this \_\_9\_\_ day of July, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court