# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 2:16-cr-00046-GMN-PAL |
| vs. | |
| CLIVEN D. BUNDY *et al.*, | **ORDER** |
| Defendants. | |

Pending before the Court is the Government's Motion in Limine ("MIL") (ECF No. 2064) seeking to preclude argument and evidence supporting jury nullification. Defendants Eric Parker, O. Scott Drexler, Steven Stewart, and Ricky Lovelien (collectively, "Defendants") filed a Response (ECF No. 2100), along with a sealed exhibit (ECF No. 2101). For the reasons discussed below, the Court GRANTS the Government's Motion.

## I. BACKGROUND

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging nineteen defendants with sixteen counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (ECF No. 27). Defendants were first tried on February 6, 2017, which ended in a mistrial upon jury deadlock on April 24, 2017 (hereinafter referred to as "Trial 1"). (*See* ECF No. 1887). Retrial is currently set for July 10, 2017. (ECF No. 2053).

## II. LEGAL STANDARD

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence 104(a), a party must show that the requirements for admissibility are

met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [Federal Rules of Evidence] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner).

### III.  **DISCUSSION**

The Government seeks to preclude "any information or argument that the defendants broadly characterize as 'state of mind' evidence which, as shown below, amounts to nothing more than irrelevant personal opinions and beliefs about the BLM, BLM agents, and agent conduct." (Gov't MIL. 2:2–5, ECF No. 2064). Specifically, the following:

1. April 6, 2014, officer encounters with civilians during the arrest of Dave Bundy, including any testimony concerning, or video/audio depicting, that event;

2. April 9, 2014, officer encounters with civilians during the convoy block, including any testimony concerning, or video/audio recordings depicting officer encounters with Ammon Bundy or Margaret Houston;

3. Third-party/lay person testimony or opinion about the level of force displayed or used by law enforcement officers during impoundment operations, including operations on April 12, 2014;

4. References to the opinion/public statement of Governor Brian Sandoval of April 8, 2014, and/or opinions registered by other political office holders or opinion leaders about BLM impoundment operations;

5. References to First Amendment zones;

6. References to Cliven Bundy's grazing, water, or legacy rights on the public lands;

   7. References to infringements on First and Second Amendment rights; and

   8. References to punishment the defendants may face if convicted of the offenses.

(*Id.* 2:7–23). The Court will group these eight specifically identified issues into three categories: (1) issues 1–3, 5–7 (defense theories), (2) issue 4 (public official opinions), and (3) issue 8 (references to punishment). Then the Court will address jury nullification generally.

### A. Issues 1–3, 5–7 (Defense Theories)

The Government argues that because Defendants were unable to establish a theory of self-defense in Trial 1, any related argument or evidence in support of such a theory is irrelevant and should be excluded as it would "only serve to advance [jury] nullification arguments." (*Id.* 12:3–12). Defendants respond that "[i]n the first trial, this Court found that at least some of the subject matter pertaining to 'perceived government misconduct' is relevant to defending against these charges." (Defs. Resp. 3:4–6, ECF No. 2100) (citing Trial 1 Order on Gov't MIL, ECF No. 1518). They assert that the Government's proposed exclusions go to mens rea and are relevant "the defendants' attempt to prove their non-criminal state of mind in this case." (*Id.* 4:25–28).

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015). Therefore, if evidence is not relevant to any of the elements of a charge or a cognizable defense to that charge, the evidence is not admissible.

Here, during the Trial 1, at the close of the evidence, the Court examined the proffered jury instructions and determined that Defendants had met their burden[1] as to the defense-proposed instruction on Mere Presence, but they were not entitled to a jury instruction on Self-Defense[2] or Justification based on the evidence provided. (Trial 1 Day 27 Tr. 142:16–152:12, ECF No. 2001). The Court also rejected Defendants' proposed instructions on the First and Second Amendment because they are not legally cognizable defenses, or in other words, the law does not recognize these Amendments as legal defenses to the crimes charged. (Trial 1 Day 24 Tr. 70:1–13, ECF No. 1890). These rulings remain applicable to the upcoming retrial insofar as the evidence remains the same.[3] To the extent the Court found that Defendants failed to establish the essential elements necessary for a defense instruction to be given, any other evidence relating only to that defense is irrelevant at retrial unless Defendants can provide an offer of proof outside the presence of the jury that the defense instruction would now apply. This evidence includes all of the identified issues 1–3, 5–7 listed above. Defendants' state of mind regarding their beliefs or why they were present in Bunkerville, Nevada, on April 12, 2014, is not relevant to the charged offenses or the allowed mere presence defense. Accordingly, the Government's MIL is GRANTED, and issues 1–3, 5–7 are excluded.

### B. Issue 4 (Public Official Opinions)

As to third-party statements, specifically those by public officials, the Court broadly examined this issue in its Trial 1 Order on the Government's MIL dated February 6, 2017 and

---

[1] A defendant is entitled to an instruction on his theory of the case if the theory is legally cognizable and there is evidence upon which the jury could rationally find for the defendant. *United States v. Morton*, 999 F.2d 435, 437–38 (9th Cir. 1993). A "mere scintilla" of evidence supporting the defendant's theory, however, is not sufficient to warrant a defense instruction. *United States v. Jackson*, 726 F.2d 1466, 1468 (9th Cir. 1984).

[2] In the context of 18 U.S.C. § 111, assault on a federal officer (the only specific intent crime charged against Defendants), the Ninth Circuit recognizes two forms of self-defense: (1) "ignorance of the official status of the person assaulted," *United States v. Feola*, 420 U.S. 671, 686 (1975); and (2) an excessive force defense, *United States v. Span*, 75 F.3d 1383, 1389 (9th Cir. 1996).

[3] The Court notes that these ruling were subsequent to the Court's MIL ruling (ECF No. 1518) and supersede that prior determination.

granted it to the extent that such statements and opinions are "irrelevant and otherwise inadmissible." (Trial 1 Order on Gov't MIL 5:25–6:2). The Government does not provide further description than what is stated above in issue 4. Defendants only response on this issue is that "[d]uring trial, the Court deemed Governor Sandoval's statement relevant and it too was admitted." (Defs. Resp. 3:17–18).

The Court only admitted Governor Sandoval's statement during Trial 1 for the effect on the listener, Eric Parker ("Parker"), who was testifying about his state of mind regarding the BLM's use of excessive force. (*See* Trial 1 Day 26 Tr. 35:11–14, ECF No. 2000). However, after Defendants finished presenting evidence, it became apparent that Defendants failed to meet their burden to demonstrate the objective reasonableness of Defendant's claimed state of mind. Objective reasonableness is a legal prerequisite for the defense theory of excessive force self-defense. *See United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012). Thus, this defense theory was not a legally cognizable defense. Consequently, the effect that the Sandoval statement had on Parker is not relevant in the retrial because the excessive force defense is still not a legally cognizable defense. (*See supra* Part III.A.). Accordingly, the Sandoval statement is not relevant and not admissible. *See* Fed. R. Evid. 401, 402. As to any other third-party public official statement, the Court's prior MIL Order (ECF No. 1518) remains the law of the case. As such, the Court GRANTS the Government's MIL as to issue 4.

**C. Issue 8 (References to Punishment)**

The Government seeks to preclude Defendants from references to punishment because "[i]n Trial 1, counsel for Stewart questioned a witness in front of the jury about punishment, inquiring whether he faced 83 years if he had been charged with offenses like those brought against the defendants." (Gov't Mot. 19:1–3). During Trial 1, once outside the presence of the jury, the Court admonished counsel explaining that under *Shannon v. United States*, 512 U.S. 573, 579 (1994), possible sentences of Defendants are not relevant before the jury. (Trial 1

Day 16 Tr. 79:2–13, ECF No. 1827). Defendants respond that the cross-examination questioning was proper because it focused on "bias, prejudice, and ulterior motives." (Defs. Resp. 7:18). Defendants rely on *United States v. Larson*, 495 F.3d 1094, 1104 (9th Cir. 2007), where the Ninth Circuit held it appropriate to cross-examine cooperating witnesses regarding the mandatory minimum sentence that witnesses avoided through their cooperation.

The Sixth Amendment guarantees the right of a criminal defendant "to be confronted with the witnesses against him." U.S. Const. amend. VI. The "essential purpose" of the right is to secure the opportunity for cross-examination. *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). However, a defendant does not possess an unlimited right to "cross-examination that is effective in whatever way, and to whatever extent, [she] might wish." *Evans v. Lewis*, 855 F.2d 631, 634 (9th Cir. 1988) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)). One such limitation is regarding sentencing: "[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon*, 512 U.S. at 579. Indeed, "[i]t has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir.1991).

In *Larson*, the defendant argued that "the district court erred when it prevented defense counsel from exploring the mandatory minimum sentences that [two witnesses] faced in the absence of a U.S.S.G. § 5K1.1 motion by the Government." *Larson*, 495 F.3d at 1102–03. One witness was asked about the mandatory minimum sentence she faced if she did not cooperate, which the court allowed without any further inquiry. *Id.* at 1103–04. The Ninth Circuit found this appropriate and sufficient. *Id.* at 1104. The other witness, however, faced a mandatory life sentence if he had not cooperated with the Government. *Id.* The court found that "*any reduction from a mandatory life sentence is of such a significant magnitude that excluding this information denied the jury important information necessary to evaluate [the witness's]*

credibility." *Id.* at 1107. Nevertheless, the court specifically distinguished potential sentences from mandatory minimum sentences: "The potential maximum statutory sentence that a cooperating witness *might* receive, however, is fundamentally different from the mandatory minimum sentence that the witness *will* receive in the absence of a motion by the Government." *Id.* at 1106.

Here, the witness at issue was Hugh Gourgeon ("Gourgeon"), who signed proffer agreement with the Government. (*See* Ex. 1 to Defs. Resp., ECF No. 2101). Gourgeon was not indicted in connection with this case (*see* Superseding Indictment, ECF No. 27), and his proffer agreement with the Government specifically states: "[T]his document does **NOT** constitute a Plea Agreement or Cooperation Agreement." (*Id.* ¶ 8). A witness who is not indicted faces no mandatory minimum sentence. The potential sentence discussed during Trial 1 was merely speculation. The Court finds that because Gourgeon's potential sentence is "fundamentally different from [a] mandatory minimum sentence," such an inquiry is not appropriate on cross-examination. Defendants will have sufficient leeway to explore any biases of Gourgeon in front of the jury without referencing any possible length of sentence. Therefore, the Court finds it is not appropriate for Defendants to inquire as to a length of sentence avoided by Gourgeon in the upcoming trial. The Court GRANTS the Government's motion as to issue 8 and excludes all references to punishment, including the length of sentence cross-examination question of Gourgeon.

**D. Jury Nullification**

Lastly, as to jury nullification generally, the Ninth Circuit recently explained the following:

> Jury nullification occurs when a jury acquits a defendant, even though the government proved guilt beyond a reasonable doubt. *United States v. Powell*, 955 F.2d 1206, 1212–13 (9th Cir. 1992). . . . [J]uries do not have a right to nullify, and courts have no corresponding duty to ensure that juries are able to exercise this power, such as by giving jury instructions on the power to nullify. [*Merced v. McGrath*, 426 F.3d 1076,

> 1079–80 (9th Cir. 2005).] On the contrary, "courts have the duty to forestall or prevent [nullification], whether by firm instruction or admonition or . . . dismissal of an offending juror," because "it is the duty of juries in criminal cases to take the law from the court, and apply that law to the facts as they find them to be from the evidence." *Id.*

*United States v. Kleinman*, 859 F.3d 825[4] (9th Cir. 2017). As the Court has warned the parties before (*see, e.g.*, ECF No. 2012) (Calendar Call for retrial where the Court stated "that no jury questions will be permitted for the purpose of jury nullification"), there will be no argument or evidence directed at jury nullification.

Further, as the Court noted previously, a good faith belief that a law is unconstitutional is not a valid defense. *See, e.g.*, *Cheek v. United States*, 498 U.S. 192, 204 (1991) ("[A] Defendants' views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper."); *United States v. Greatwood*, 187 F.3d 649, *2 n.4 (9th Cir. 1999) (noting with approval that "jury was . . . instructed that a good faith disagreement with the law is not a defense" and that "[defendant] was not permitted to argue that his legal theories are correct."); *United States v. Atkinson*, 232 F.3d 897, *1 (9th Cir. 2000) (rejecting Defendants' argument that "his subjective good faith belief that federal laws are not constitutional as applied to a him, a state citizen, defeats the jury's finding of 'willfulness'"). The Court will not permit argument, evidence, or testimony regarding Defendants' beliefs about the constitution as such beliefs are irrelevant and a possible jury nullification attempt. *See United States v. Powell*, 955 F.2d 1206, 1213 (9th Cir. 1991).

///

///

///

---

[4] No pincite available.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Government's Motion in Limine (ECF No. 2064) is **GRANTED**.

**DATED** this  9  day of July, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge