UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> CLIVEN D. BUNDY *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:16-cr-46-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion in Limine ("MIL") (ECF No. 2065) filed by Defendants Eric Parker, O. Scott Drexler, Steven Stewart, and Ricky Lovelien (collectively, "Defendants"). The Government filed a Response (ECF No. 2106), and Defendants filed a Reply (ECF No. 2126).[1]

Defendants were first tried on February 6, 2017, which ended in a mistrial as to Defendants upon jury deadlock on April 24, 2017 (hereinafter referred to as "Trial 1"). (*See* ECF No. 1887). Retrial began for Defendants on July 10, 2017. (ECF No. 2142).

I. **LEGAL STANDARD**

   **A. Motion in Limine**

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483

---

[1] Pursuant to the District of Nevada Local Rules: "Replies [to motions in limine] will be allowed only with leave of the court." (D. Nev. LR 16-3(a)). Defendants have not requested leave to file their Reply. Nevertheless, for good cause appearing, the Court will consider Defendants' Reply.

U.S. 171, 175–76 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)).  In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner).

### B. Applicable Rules of Evidence

"Irrelevant evidence is not admissible." Fed. R. Evid. 402.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015).

FRE 403 requires the Court to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993); *see* Fed. R. Evid. 403.  "[P]rejudice alone is insufficient; *unfair* prejudice is required." *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (citing *United States v. Bailleaux*, 685 F.2d 1105, 1111 & n. 2 (9th Cir. 1982)).  Unfair prejudice "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *Id.* (internal quotation marks and citation omitted).

## II. **DISCUSSION**

Defendants seek to preclude their booking photographs depicting them in "shackles, orange jump suits, and tattooed" for lack of relevance and under FRE 403. (Defs. MIL 2:4–3:7). Defendants also assert that the shackles in particular are an affront to the "dignity and decorum of [the] judicial proceedings." (*Id.* 3:15–17) (citing *Illinois v. Allen*, 397 U.S. 337, 344 (1970)[2]). Ultimately, Defendants contend that "the tattooed pictures of the defendants in shackles have no probative value . . . [because] [t]his is not an identity case" and will cause the jury to "improperly infer guilt." (*Id.* 3:23–28).

The Government responds that identity is at issue in the case, and the booking photographs are relevant to establish identity in the photographs and videos offered in the Government's case-in-chief. (Gov't Resp. 3:5–16) (citing *United States v. Fernandez*, 388 F.3d 1199, 1246 (9th Cir. 2004) for the proposition that "tattoos of gang affiliation from booking photos relevant and not prejudicial"). The Government offers to not show the booking photographs if Defendants agree to stipulate that they are the men depicted in the photographs and videos. (*Id.* 3:17–20). Additionally, the Government states its intention of showing Parker and Drexler's III%er-related tattoos, along with Drexler's "Bundy" tattoo, which it asserts are "highly probative of intent and motive to commit the crimes charged." (*Id.* 3:21–4:1).

Defendants reply that they are unwilling to "stipulate that they are the persons that appear in the photographs and videos in the government's case-in-chief, [however,] the photographs speak for themselves." (Defs. Reply 2:5–7, ECF No. 2126). Defendants further assert that "[t]he government does not need to present the tattooed booking photos of the defendants to prove that they were on the bridge on April 12, 2014. As such, presenting these booking photos offers no valid purpose." (*Id.* 2:8–12).

---

[2] The Court notes that both this case and *Deck v. Missouri*, 544 U.S. 622, 630 (2005), cited by Defendants regarding the use of shackles, dealt with shackles in the courtroom, not shackles in booking photographs.

The Court first notes that the photographs in question were not provided to the Court for review. Nevertheless, the Court finds that the photographs could be relevant to establish identity because identity appears to remain an issue in this case.[3] Because of this potential probative value, the Court finds that Defendants have not sufficiently demonstrated that the photographs are unfairly prejudicial under FRE 403. *See Skillman*, 922 F.2d at 1374. Accordingly, at this point, the Court will not exclude the photographs and denies Defendants' MIL without prejudice.

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine (ECF No. 2065) is **DENIED without prejudice**.

**DATED** this __18__ day of July, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[3] For example, there was testimony during Trial 1 regarding armed people on the I-15 bridge with different colored hats. The Government asserted that it was Defendants in the hats, which Defendants disputed.