STEVEN W. MYHRE
Acting United States Attorney
NADIA AHMED
DAN SCHIESS
Assistant United States Attorneys
ERIN CREEGAN
Special Assistant United States Attorney
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702)388-6336
steven.myhre@usdoj.gov
nadia.ahmed@usdoj.gov
daniel.schiess@usdoj.gov
erin.creegan@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ERIC J. PARKER,<br><br>　　　　　　　Defendant. | 2:16-cr-00046-GMN-PAL<br><br>**PLEA AGREEMENT** |

### PLEA AGREEMENT UNDER
### FED. R. CRIM. P. 11 (c)(1)(A) and (B)

The United States, by and through the undersigned, and the defendant, ERIC J. PARKER, and his attorney, Jess Marchese, respectfully submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).

**I.　　SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States of America and the defendant, Eric J. Parker. This Plea Agreement binds the defendant and the United

States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II. DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A. <u>Guilty Plea</u>. The defendant knowingly and voluntarily agrees to plead guilty to a one-count Criminal Information charging Obstruction of Court Order, in violation of Title 18, United States Code, Sections 1509 and 2 (a Class A misdemeanor).

B. <u>Waiver of Trial Rights</u>. The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

    1. The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

    2. The right to confront the witnesses against the defendant at trial and to cross examine them;

    3. The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

    4. The right to testify in his own defense at such a trial if he so chooses;

    5. The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

    6. The right to have the assistance of an attorney at all stages of such proceedings.

  C. <u>Withdrawal of Guilty Plea</u>.  The defendant will not seek to withdraw his guilty plea after he has entered it in court.

  D. <u>Dismissal of Charges</u>.  After the Court has adjudged a sentence in this case, the government will move to dismiss all charges in the Superseding Indictment filed on March 2, 2016.

  E. <u>Additional Charges</u>.  The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement or for conduct known to the United States at the time of this Agreement.

**III. ELEMENTS OF THE OFFENSE**

The elements of Obstruction of Court Order in violation of Title 18, United States Code, Section 1509 are as follows:

  1. The defendant, by threats or force,

  2. Willfully prevented, obstructed, impeded, or interfered with,

  3. The performance of duties under any order, judgment or decree of a court of the United States.

## IV. FACTS SUPPORTING GUILTY PLEA

A. The defendant will plead guilty because he is, in fact and under the law, guilty of the crime charged.

B. The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt. The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offense.

C. The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offense.

D. The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

1. Beginning on or around March 28, 2014, federal law enforcement officers from the United States Department of Interior, Bureau of Land Management (BLM) and National Park Service (NPS) were engaged in the official duties of executing federal court orders to remove and impound cattle trespassing upon federal public lands in and around Bunkerville, Nevada, the cattle belonging to Cliven Bundy, a local rancher.

2. On or about April 12, 2014, Defendant Parker was present in or about Bunkerville, Nevada, where he attended a rally held by Cliven Bundy and his family. At this rally, Defendant Parker heard Cliven Bundy direct those present to go to the BLM impoundment site and to get his cattle.

3. Defendant Parker went to the BLM impoundment site along with several hundred other people who took positions in a wash leading into the impoundment site and on the interstate freeway (I-15) overlooking the BLM impoundment site. While in this area, Defendant Parker carried on his person a rifle.

4. BLM officers continuously ordered the people to disperse and leave the area, advising that they were interfering with the execution of federal court orders.

5. Defendant Parker heard the officers' announcements but he did not comply with the orders. Defendant Parker remained the northbound I-15 bridge overlooking the impoundment site.

6. By failing to comply with the officers' orders to leave and by maintaining a presence on the bridge overlooking the officers while armed with a rifle, Defendant Parker presented a show of force to the officers and did thereby willfully interfered with and impeded the officers in the performance of their duties pursuant to federal court orders.

V. **COLLATERAL USE OF FACTUAL ADMISSIONS**

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

VI. **APPLICATION OF SENTENCING GUIDELINES PROVISIONS**

A. <u>Discretionary Nature of Sentencing Guidelines</u>. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B. <u>Offense Level Calculations</u>. The parties stipulate to the following

calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions under the Sentencing Guidelines:

| | |
|---|---|
| Base offense level (USSG § 2J1.2) | 14 |
| Special Offense Characteristics | |
| Official victim (USSG § 3A1.2(b)) | +6 |
| Offense was calculated to influence or affect the conduct of the government by intimidation or coercion (USSG § 3A1.4, comment n. 4)) | +5 |
| **Adjusted Offense Level** | **25** |
| Acceptance (USSG §§ 3E1.1(a)) | (2) |
| **Total Adjusted Offense Level** | **23** |
| Adjustment under 18 U.S.C. § 3553 | (9) |
| **Total Offense Level** | **<u>14</u>** |

The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C. <u>Reduction of Offense Level for Acceptance of Responsibility</u>. Under USSG § 3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing

the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

These Sentencing Guidelines provisions, if applied, will result in a total offense level of **14**, as stated above.

D. <u>Criminal History Category</u>. The defendant acknowledges that the Court may base its sentence in part on his criminal record or criminal history and that the Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E. <u>Relevant Conduct</u>. The Court may consider all relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F. <u>Additional Sentencing Information</u>. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The parties further agree that other than the stipulated guidelines calculations, neither party will argue for additional adjustments, enhancements, or departures under the Sentencing Guidelines. The defendant, however, is free to argue for further variances from the Guideline calculations under Title 18, United States Code, Section 3553.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations as appropriate, and that the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

## VII. APPLICATION OF SENTENCING STATUTES

A. <u>Maximum Penalty</u>. The maximum penalty for Obstruction of Court Order under 18 U.S.C. § 1509 is 1 year imprisonment, a fine of $100,000, or both. Alternatively, a sentence of probation of no more than five years may be imposed in lieu of a sentence of imprisonment. 18 U.S.C. § 3561(c)(2).

B. <u>Factors Under 18 U.S.C. § 3553</u>. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

C. <u>Parole Abolished</u>. The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been

abolished.

D. <u>Supervised Release</u>. In addition to imprisonment and a fine, the defendant may be subject to a term of supervised release not greater than one (1) year. 18 U.S.C. § 3583(b)(3). Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements. If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence.

E. <u>Special Assessment</u>. The defendant will pay a $25 special assessment at the time of sentencing.

## VIII. POSITIONS REGARDING SENTENCE

The parties agree to jointly recommend a sentence of probation pursuant to USSG and Title 18, United States Code, Sections 3553 and 3561(c)(2). The parties further agree that the government may argue that the defendant be sentenced to up to five years of probation and that the defendant may argue for one year of probation. The defendant shall not seek any sentence less than one year of probation. The defendant acknowledges that the Court does not have to follow this recommendation.

## IX. RESTITUTION

The parties agree that restitution is not mandatory based on the crimes to which he has pleaded guilty. As a further part of this plea agreement, the government does not intend to seek non-mandatory restitution in connection with the events giving rise to the Superseding Indictment.

## X. FORFEITURE

The government agrees to dismiss any forfeiture counts following imposition of sentence in this case and will not pursue any forfeiture in connection with the events giving rise to the Superseding Indictment.

## XI. FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, or upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets. The defendant will release such funds and property under his control in order to pay any assessment and/or fine imposed by the Court.

## XII. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A. <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges that:

    1. He has read this Plea Agreement and understands its terms and conditions;

    2. He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

    3. He has discussed the terms of this Plea Agreement with his attorney;

    4. The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

    5. He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered

signing this Plea Agreement and when he signed it.

The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B.   <u>Waiver of Appeal and Post-Conviction Proceedings</u>.   The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that is an upward departure from the Sentencing Guidelines range determined by the Court.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C.   <u>Removal/Deportation Consequences</u>.   The defendant understands and

1 acknowledges that if he is not a United States citizen, then it is highly probable that
2 he will be permanently removed (deported) from the United States as a consequence
3 of pleading guilty under the terms of this Plea Agreement. The defendant has also
4 been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he
5 will be deported and removed from the United States and will not be allowed to
6 return to the United States at any time in the future. The defendant desires to plead
7 guilty regardless of any immigration consequences that may result from his guilty
8 plea, even if the consequence is automatic removal from the United States with no
9 possibility of returning. The defendant acknowledges that he has specifically
10 discussed these removal/deportation consequences with his attorney.
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///

## XIII. ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

10/23/17
DATE

STEVEN W. MYHRE
Acting United States Attorney

NADIA AHMED
DANIEL SCHIESS
Assistant United States Attorneys
ERIN CREEGAN
Special Assistant United States Attorney

10-23-17
DATE

JESS MARCHESE
Counsel for Defendant

10-23-17
DATE

ERIC J. PARKER
Defendant